UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAVID ALLEN LINDEMAN**                        **CIVIL ACTION NO. 2:11-cv-712**

                                                **SECTION P**
**VERSUS**
                                                **JUDGE MINALDI**

**EUGENE A. BOUQUET**                            **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff David Allen Lindeman, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 4, 2011. Doc. 1. Paintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana. Plaintiff names his former attorney, Eugene A. Bouquet, as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

Plaintiff states that in April 2009, he spoke to Eugene Bouquet and apparently retained him as his attorney. Doc. 1, p. 3. Plaintiff states that in a four month period of time, he paid Bouquet $15,000.00. Doc. 1, p. 5. Plaintiff contends that Bouquet did not contact him nor take his calls when he was arrested on November 19, 2009. *Id*. Plaintiff states that he has remained

in jail because of Bouquet's actions. *Id*. Plaintiff fired Bouquet on March 28, 2009. *Id*.

As a result of the above, plaintiff seeks a jury trial, monetary damages, and that all harm caused by Bouquet to be remedied. Doc. 1, p. 4.

## *Law and Analysis*

### 1. *Screening*

Plaintiff has been allowed to proceed *in forma pauperis*. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the Court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

Title 28 U.S.C. § 1915(e)(2)(B), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

### 2. *Attorney Eugene A. Bouquet – No State Actor*

Plaintiff's claims against his attorney, Eugene A. Bouquet, must fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis supplied); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion). In the present case, Eugene Bouquet is certainly not a "state actor" as defined above. Attorneys, including public defenders, do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson* 454 U.S. 312, 325 (1981); *see also Mills v. Criminal Dist. Court #3*, 837 F.2d 667, 679 (5th Cir. 1988) (citing *Nelson v. Stratton*, 469 F.2d 1155(5th Cir. 1972)).

Plaintiff's attorney did not act under color of state law when he represented plaintiff in his criminal case. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989).

*Conclusion and Recommendation*

Based on the foregoing, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 2nd day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE